## HAM *v.* BOODY.

One is bound by a contract made with a *feme covert*, after she has performed all that she stipulated to perform as the consideration for his promise; and the husband and wife can maintain an action upon it, although such contract was at first void as to her, by reason of her coverture.

The authority of an agent to make a demand is established by the act of the principal, bringing a suit founded on that demand; and the demand is sufficient, unless the authority of the agent be drawn in question by the party sought to be charged, at the time it is made.

ASSUMPSIT, on an agreement between the wife, one of the plaintiffs, and the defendant, that in consideration that she would deliver to him two sheep, her property, the defendant would, on the expiration of four years from such delivery, deliver to her four sheep; and that she, confiding on such promise, placed the two sheep in his possession on the first day of July, 1832; yet that he did not, at the stipulated time, or since, deliver to her the four sheep, but, though requested, refused, to the damage of the plaintiffs.

It appeared on the trial that two sheep had been given to the wife by a relative; that the person in whose custody they were, gave her notice to take them away; that the husband, who was present, was desired by her to go and get them and take care of them, but replied that as the sheep were given to her for her name, they belonged to her, and that he never had, and never would have anything to do with them.

It was also proved that the defendant took the sheep under the contract, substantially as alleged in the declaration, promising to procure a written obligation to be drawn, and to deliver it to her; but no such writing appeared to have been made. The plaintiffs afterwards removed to Bangor, in the State of Maine, and while they were living there, Mary Watson, a witness, received, as she testified, a letter from the plaintiff, the wife, which was

afterwards lost, and in which the writer stated that the time for which the defendant had undertaken to keep the sheep was elapsed, and requested her to obtain the sheep and sell them. The witness testified that she called on the defendant for the sheep, but he said that the time would not expire till another year : That she went again the next year, and the defendant declined to deliver them, saying that if he did Ham might call for them again. He also said she had better let them be, and go on another four years, as before. To a similar application, made by one Tasker at the request of Mary Watson, he stated that he had parted with all the sheep he could spare, and submitted a proposition to keep them another year, or to pay for the sheep at nine shillings a head, but the offer was declined.

The defendant objected to evidence of the contents of the letter, without proof that it was written with the knowledge and consent of Ham; but the court overruled the objection. He also objected that there was no competent evidence of the authority of Mrs. Watson or of Tasker to demand the sheep. But the court ruled otherwise, and instructed the jury that if they found that the sheep were originally given to Mrs. Ham, and that Ham refused ever to do anything with them, and knew that she had so let them to the defendant, and never said or did anything to show that he afterwards assumed or intended to assume any control over them, or the contract made by his wife with the defendant, then she had a right to manage them until he determined to revoke his former declaration; and if she directed the demand to be made with the knowledge and consent of Ham, she might be considered as acting for herself and not as his agent, and make a demand upon the defendant for the sheep, or authorize another to make it for her; and if they believed the demand was so made, they might return a verdict for the plaintiffs.

Ham v. Boody.

A verdict was returned for the plaintiffs, which the defendant, upon the grounds above stated, moved to set aside and for a new trial; and also moved in arrest of judgment on account of the incompetency of the wife to contract.

*James Bell*, for the defendant.

*Hale & Wiggins*, for the plaintiffs.

GILCHRIST, J. It is unnecessary to settle, in this case, whether, where personal chattels become the property of a woman during coverture, and the husband, upon the ground that they have been given to her, refuses to exercise any control over them, and expressly authorizes her to dispose of them as she sees fit, she may, as a general rule, dispose of them as a *feme* sole, and make valid contracts relating to them, which may be enforced against all the parties.

The defendant in this case actually received the property of the wife, and, without disturbance from any source, retained the possession, and enjoyed the use of it to the full extent of the stipulation which she assumed to make in that respect. In short, he has received the entire consideration for the promise and undertaking which he made to deliver the four sheep at the time specified. It would be manifestly unjust that he should now be permitted to set up, as a valid defence, that the wife had no power to make the contract of which he has enjoyed the benefit. Nor does the law admit of such a defence, "for it has been decided that if a contract be made with the wife on good consideration, during the marriage, the husband may, if he please, take advantage of it and recover in an action on it, in which action he may join his wife as a co-plaintiff." And where the wife had, in pursuance of her undertaking, cured a wound, the two were permitted to join in an action for the stipulated reward. *Brashford* v. *Buckingham*, Cro. Jac. 77 ; Smith on Contracts 221.

When Mary Watson made the first demand upon the defendant for the sheep, he did not question her authority to do so; but, upon her second application, he objected that if he complied with the requisition, Ham might call on him again. But he did not appear to insist upon this exception, and submitted a proposition to keep the sheep four years more; and when Tasker called on him he did not object his want of authority, or express any doubt on that head, but pleaded the inconvenience of a present compliance with the demand, and submitted further propositions.

It was held, in *Payne* v. *Smith*, 12 N. H. 34, that where a party, served with a demand through an agent, does not at the time except to his authority to act as such, then a subsequent commencement of a suit by the party in whose behalf the agent assumed to act, claiming under such demand, is *prima facie* evidence at least that the agent acted with authority.

The demand required in this case is designed for the benefit of the party charged thereby, and to protect him against surprise, and to enable him to acquit himself of his obligation with safety and convenience. These objects would fail, if he had not a right to require some reasonable evidence of the authority of the agent making the demand, at the time he is served with it. But it is no part of the agent's duty to urge this evidence, unsolicited upon his notice. He is entitled to it only upon request. And that request must be persisted in: that is, it must not be followed or attended by such acts and sayings as afford reasonable ground for supposing that it is waived, or that the doubts that occasioned it have been allayed; otherwise, it will be taken to have been waived. Now, although the authority of the agent was, upon one of the several occasions mentioned in the case, called in question, yet even then the objection was tacitly abandoned by the defendant, who almost recognized that authority by submitting a proposition for keeping the property another term.

The commencement of this suit, therefore, by the present plaintiffs, is a ratification of the act which they prove as the preliminary to the action, and the objection taken by the defendant, that the evidence was not competent to prove the authority of Mrs. Watson and of Tasker, is fully answered. The same evidence exists of the authority of the wife to write the letter, to which likewise objection was interposed.

These several objections must, therefore, be overruled, and there must be

*Judgment on the verdict.*